UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RENE D. MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE MARSHALL LOVRIEN, THOMAS L. SANNES, G TODD GARRY, ANGELA GARRY, RONALD LEE HURST, BRANDON G MILLER, SOUTH DAKOTA HIGHWAY PATROL,<br><br>Defendants. | 4:26-CV-04063-RAL<br><br>OPINION AND ORDER GRANTING MOTIONS TO DISMISS |

Plaintiff Rene D. Meyer sued Judge Marshall Lovrien, Thomas L. Sannes, G. Todd Garry, Angela Garry, Ronald Lee Hurst, Brandon G. Miller, and the South Dakota Highway Patrol (SDHP) (collectively "Defendants") alleging various federal and state-law claims surrounding a purported conspiracy. Doc. 1. Meyer has previously brought two actions alleging similar claims in the District of South Dakota, albeit against different defendants. See Meyer v. Schroeder, No. 4:18-CV-04037, 2018 WL 3651354 (D.S.D. Aug. 1, 2018), aff'd, 773 F. App'x 852 (8th Cir. 2019) (per curiam); Meyer v. Pfeifle, No. 4:18-CV-04048, 2019 WL 1209776 (D.S.D. Mar. 14, 2019), aff'd, 790 F. App'x 843 (8th Cir. 2020) (per curiam). Defendants separately moved to dismiss. Docs. 7, 10, 13. For the reasons explained below, Defendants' motions are granted, and Meyer's motions for a hearing and to reinstate the case, Docs. 3, 18, 20, are denied.

## I. Background

Meyer's specific claims are not entirely clear from her complaint.[1] Meyer's allegations stem from events surrounding the potential listing and sale of a commercial building located at 515 Main Street in Webster, South Dakota ("515 Main Street"). Doc. 1 at 1, 8. Meyer was hired by Steven Lyons, the owner of 515 Main Street, to clean and attempt to sell the property. Id. at 1–2; Doc. 1-1 at 1–3. Defendants Angela Garry and G. Todd Garry (together, "the Garrys") operate an accounting office located next door to 515 Main Street. Doc. 1 at 2. In 2018, the Garrys brought a suit against Lyons in Day County circuit court regarding the deteriorating condition of 515 Main Street. Id. Defendant Thomas L. Sannes was the attorney representing the Garrys in that action, and Defendant Judge Marshall Lovrien was the presiding judge. Id. Meyer now believes that the Defendants are conspiring to steal 515 Main Street from Lyons, asserting that the Garrys paid Defendant Ronald Lee Hurst to break into and vandalize the building.[2] Id. at 3. Meyer also alleges that Judge Lovrien colluded with Defendant Brandon G. Miller, a trooper with the SDHP, to initiate a traffic stop of Meyer's vehicle in order to "get me on something big on me to stop me from selling the building." Id. at 4. Meyer further claims that Trooper Miller and the SDHP violated her right to freely travel. Id. at 5.

Meyer seems to allege claims under the Racketeer Influenced and Corrupt Organizations (RICO) Act, the federal Constitution, and South Dakota law. Id. at 8–9. All of Meyer's claims

[1] Meyer fails to set out her allegations in numbered paragraph form pursuant to Federal Rule of Civil Procedure 10(b) in the first seven pages of her complaint. Doc. 1 at 1–7. Meyer begins numbered paragraphs on the eighth page of her complaint. Id. at 8. Even there, Meyer fails to limit each numbered paragraph "as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); see, e.g., Doc. 1 at 8, ¶ 4. Nevertheless, the gist of Meyer's grievances can be discerned from her complaint.

[2] Hurst has also previously sued Lyons in Day County Circuit Court concerning a dispute over a motor home. Id. at 3.

relate back to her assertion that "[t]his is about a Conspiracy to steal a commercial building, and deny my real estate Client his right to recoop [sic] his investment and deny him his right to his property." Id. at 8. Meyer also invokes her alleged rights as a "Sovereign Citizen[.]" Id. at 13. For relief, Meyer asks for compensatory damages for harm to her name and reputation, triple her listing fee, and "Triple the amount of Cleaning Fee and expenses[.]" Id. at 6. Meyer also asks for one million dollars in punitive damages for "harassment and violating my constitutional right to freely travel and trying to keep me from running for Governor of South Dakota." Id. At one point in her complaint, Meyer states that the "Eleventh Amendment does not protect state officials from claims for perspective [sic] relief." Id. at 11. Nowhere does Meyer clarify what, if any, prospective relief she seeks, and the relief she seeks is damages.

The Garrys and Sannes moved twice to dismiss Meyer's complaint. Docs. 7, 10. Their first motion argues for dismissal based on Meyer's failure to plead facts sufficient to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Doc. 7. The Garrys and Sannes point to Meyer's failure to allege the necessary elements of a RICO violation and argue that the constitutional violations are either not cognizable or are not attributable to them. Doc. 8 at 1–4. The Garrys and Sannes also maintain that Meyer lacks standing to bring claims on behalf of Lyons and that civil conspiracy is not an independent cause of action. Id. at 6–8. In their second motion to dismiss, the Garrys and Sannes assert that Meyer failed to sufficiently serve them under Rule 4(e). Doc. 10; Doc. 11 at 1.

Judge Lovrien, Trooper Miller, and the SDHP put forth similar arguments in their separate motion to dismiss. See Doc. 13; Doc. 14 at 7–11 (arguing for dismissal based on failure to state a claim under Rule 12(b)(6) and insufficient service under Rule 4(e)). Judge Lovrien, Trooper Miller, and the SDHP also submit that they are protected from suit under judicial and sovereign

immunity, Doc. 14 at 3–7, noting that nothing in Meyer's complaint clarifies whether she is suing Judge Lovrien and Trooper Miller in their individual or official capacities, id. at 6. Defendant Hurst apparently has not retained counsel or joined in any of the motions at this time.

## II. Discussion

### A. Insufficient Service

The Garrys, Sannes, Judge Lovrien, Trooper Miller, and the SDHP move to dismiss the complaint for insufficient service of process. Docs. 10, 13. Under Federal Rule of Civil Procedure 12(b)(5), a motion to dismiss may be granted in cases where the court finds that plaintiff's service of process is insufficient. "Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process." Young v. John Morrell & Co., No. 13-CV-4118, 2014 WL 6612032, at *2 (D.S.D. Nov. 20, 2014) (citing Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987)). Accordingly, "a district court has the power to dismiss a case for failure to comply with its rules." Id. (citing Marshall v. Warwick, 155 F.3d 1027, 1029 (8th Cir. 1998)).

Under Federal Rule of Civil Procedure 4(e), service may be accomplished by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Rule 4(j)(2), service upon a state or state-created government organization must be accomplished by "(A) delivering a copy of the summons and of the complaint

to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Under South Dakota law, where an action is "against the state or any of its institutions, departments, or agencies," service may be accomplished "by service upon such officer or employee as may be designated by the statute authorizing such action, and upon the attorney general." SDCL § 15-6-4(d)(5). Where an action is "against a state officer, employee or agent arising out of his office, employment or agency, a copy of the summons and complaint shall be mailed, certified mail, postage prepaid to the attorney general together with an admission of service and a return envelope, postage prepaid, addressed to the sender." SDCL § 15-6-4(d)(6). For "all other cases," process must be served on a defendant personally. SDCL § 15-6-4(d)(8). Where "the defendant cannot be found conveniently, service may be made by leaving a copy at the defendant's dwelling with someone over the age of fourteen years who resides there." SDCL § 15-6-4(e).

Meyer's Proof of Service documents indicate that the summonses for Trooper Miller and the SDHP were left with "Trooper Sgt Angel Duran" at the SDHP office. Doc. 9 at 6–7. The summons for Judge Lovrien was left with "Claudette" at the Day County Clerk of Court's office. Id. at 1. The summons for Sannes was left with "Anna" at "the counter in the law office," and the summonses for Angela and G. Todd Garry were "left with Receptionist" named "Julie" at the Garrys' accounting office. Id. at 3–5. The only summons that appears to have been delivered personally was to Hurst. Id. at 2; Doc. 16 at 1.

Aside from Hurst, Meyer's attempted service of the Defendants is insufficient. Trooper Duran is not the chief executive officer of the SDHP, nor an individual designated by a statute authorizing suit against the SDHP. Even if Trooper Duran was either, Meyer failed to serve the

Attorney General of South Dakota. Meyer's attempt to serve Trooper Miller by leaving the summons with Trooper Duran does not comply with South Dakota law requiring state employees be served via certified mail. SDCL § 15-6-4(d)(6). The same is true for Judge Lovrien, whom Meyer attempted to serve by leaving the summons with an individual at the Day County Clerk of Court's office. Even if Trooper Miller and Judge Lovrien were treated as "all other cases" under SDCL § 15-6-4(d)(8), Meyer's service is insufficient as neither Trooper Miller nor Judge Lovrien were personally served nor were the summonses left with an appropriate individual at their dwelling places.

Meyer also failed to sufficiently serve Sannes and the Garrys under SDCL § 15-6-4(d)(8). The summonses were left with individuals at the Sannes and Garrys' respective places of business, rather than with the Defendants personally or with an appropriate individual at their dwelling places. Because Meyer failed to properly serve Judge Lovrien, Sannes, the Garrys, Trooper Miller, and the SDHP under Rule 4(e), 4(j)(2), and South Dakota law, Meyer's complaint as to these Defendants can be dismissed without prejudice.

**B. Eleventh Amendment Immunity**

Even if Meyer had properly served Judge Lovrien, SDHP, and Trooper Miller, this Court does not have subject-matter jurisdiction over the particular claims against them. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The State of South Dakota has not waived its sovereign immunity. "[E]ven though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

As a division of the South Dakota Department of Public Safety, the SDHP is immune from suit under the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); Cory v. White, 457 U.S. 85, 90–91 (1982) (explaining that the Eleventh Amendment bars a suit against a state entity, as opposed to state official, regardless of whether the plaintiff seeks money damages or injunctive relief). In determining whether an entity is entitled to Eleventh Amendment immunity, the court examines the powers and characteristics of the entity created by state law to determine if it in reality is acting as the state, the degree of local autonomy and control exercised by the entity, and whether the funds to pay an award are derived from the state treasury. Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985) (citing Laje v. R.E. Thomason Gen. Hosp., 665 F.2d 724, 727 (5th Cir. 1982)). According to South Dakota Law, the SDHP was created by the state legislature. See SDCL § 32-2-1.1 ("The Division of Highway Patrol shall continue within the Department of Public Safety, and all its functions shall be performed by the Department of Public Safety."). SDHP is an arm of the State of South Dakota and, as such, is not subject to suit under § 1983. See Cory, 457 U.S. at 90–91.

Eleventh Amendment immunity also applies to suits against the judiciary of a state. See Denke v. S.D. Dep't of Soc. Servs., 829 F.2d 688, 689 (8th Cir. 1987) (recognizing the Eleventh Amendment bar suits "against the state or one of its agencies"). South Dakota circuit courts are part of South Dakota's government and immune from suit under the Eleventh Amendment because they are authorized by the South Dakota Constitution and created by the state legislature. S.D. Const. art. II ("The powers of the government of the state are divided into three distinct departments, the legislative, executive and judicial; and the powers and duties of each are

prescribed by this Constitution."); S.D. Const. art. V, § 1 ("The judicial power of the state is vested in a unified judicial system consisting of a Supreme Court, circuit courts of general jurisdiction and courts of limited original jurisdiction as established by the Legislature."); SDCL § 16-5-1.2 (establishing the seven judicial circuits). Further, "claims against state officials in their official capacities are really suits against the state[,] and a state is not a person for purposes of a claim for money damages under § 1983." Kruger v. Nebraska, 820 F.3d 295, 301 (8th Cir. 2016) (citing Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 617 (2002)).

Meyer named "Judge Marshall Lovrien" as "Defendant 1[,]" and listed the Day County Clerk of Court's address, along with the Court Services address, as Judge Lovrien's contact information. Doc. 1 at 7. Meyer's allegations against Judge Lovrien arise from Judge Lovrien presiding over litigation between the Garrys and Lyons, and Hurst and Lyons. Id. at 2. Meyer also alleges that Judge Lovrien had a role in Trooper Miller and the SDHP initiating traffic stops of Meyer. Id. at 4–5, 10. Meyer's allegations concern actions Judge Lovrien allegedly took in his official capacity as a circuit court judge and seek monetary damages only. Meyer's claims against Judge Lovrien are therefore barred by the Eleventh Amendment.[3]

[3] Meyer did not specify in her complaint whether she sues Judge Lovrien in his individual or official capacity or both. Doc. 1. In her Additional Information filed with the complaint and Objection to Defendants' motion to dismiss, Meyer did assert that she is "suing the Judge as stated in the private not the public capacity." Doc. 17 at 2; see also Doc. 6 at 1. When a plaintiff does not specifically state in which capacity he or she sues the defendants, this Court must apply the course of proceedings test. S.A.A. v. Geisler, 127 F.4th 1133, 1138 (8th Cir. 2025) (en banc). "[T]he fundamental question is whether the course of proceedings has put the defendant 'on notice that she was being sued in her individual capacity' and that 'her personal liability was at stake.'" Id. at 1139 (quoting Daskalea v. D.C., 227 F.3d 433, 448 (D.C. Cir. 2000)). "Relevant factors include, but are not limited to, how early in the litigation the plaintiff first specified individual capacity claims, whether the plaintiff's complaint included a prayer for punitive damages, and whether the defendant declined to raise a qualified immunity defense." Id. The relevant factors here all indicate that Meyer sues Judge Lovrien in his official capacity, as none of Meyer's allegations arise from actions Judge Lovrien took in his individual capacity, the first time Meyer mentioned Judge Lovrien in his "Private Capacity" was three weeks after filing her

Trooper Miller is also an employee of the State of South Dakota. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71 (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Meyer's claims against Trooper Miller are therefore construed as claims against the State of South Dakota. Id. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66. Even if they had been properly served, Meyer's claims against Judge Lovrien, the SDHP, and Trooper Miller are dismissed with prejudice under the Eleventh Amendment.

**C. Failure to State a Claim**

There is yet another ground for dismissal without prejudice for all Defendants—including Hurst—because Meyer's complaint fails to state a federal claim. To survive a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Mere "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Id. (alteration in original) (citation and internal marks omitted). The United

---

complaint, and Judge Lovrien does not argue for qualified immunity. Regardless, Judge Lovrien is immune from suit in his individual capacity for alleged deprivations of civil rights under the doctrine of judicial immunity. Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003).

States Court of Appeals for the Eighth Circuit recognizes that pro se complaints should be construed liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This rule of liberal construction, however, does not excuse a pro se plaintiff from alleging enough facts to support her claims. Id. Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Id. This Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id.

Although Meyer cites to a variety of laws, she does not explain how the laws apply to her situation. Simply referencing laws without connection to the facts being alleged does not state a claim upon which relief may be granted. This Court has nonetheless reviewed each statute in light of the factual allegations in Meyer's complaint and can discern no viable claim. For instance, Meyer alleges claims arising under the RICO Act. See Doc. 1. Although RICO is primarily a criminal statute, § 1964(c) provides a private right of action: "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C. § 1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit[.]" 18 U.S.C. § 1964(c). A civil RICO violation requires the plaintiff to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011) (citation omitted). Meyer alleges that "[t]he judge and the attorney all violate the Civil RICO ACT, the BAR violates the RICO ACT, its [sic] a club." Doc. 1 at 8 (emphasis in original omitted). Meyer's other mentions of RICO include that "[t]hese violations fall under the RICO ACT," and "[a] civil Rico act [sic] gets triple the amount of any damages." Id. at 6, 14. Meyer alleges the Defendants are "perpetuating this fraud" by conspiring to vandalize 515 Main Street, stating "Ronald Hurst has a

criminal record and according to Steve Lyons will do anything for money and is the kind of person that would break into a building[,]" and "both the Garrys and Ronald Hurst are the ones that damaged the front commercial window and vandalized Steve Lyons [sic] personal property inside the building and made a mess of his things but no damage to the building itself, as in no tagging or other things normal teenagers would do." Id. at 3–4, 8. Meyer's allegations are insufficient to meet even one of the four requirements necessary to allege a RICO violation.

Meyer's allegations that the Defendants violated her civil rights are another example of her failure to state a claim upon which relief may be granted.[4] Meyer repeatedly asserts that Defendants "violated my right to freely travel," and her "rights as a sovereign to make a living to exist, feed myself and pay bills, and be reimbursed for my expenses." Id. at 5, 8. Meyer's allegations relating to a violation of her "right to freely travel" arise from a traffic stop Trooper Miller initiated of Meyer near Watertown, South Dakota. See id. at 4–5. While the Supreme Court of the United States has recognized a right to interstate travel, see Saenz v. Roe, 526 U.S. 489, 498 (1999), the Eighth Circuit has declined to recognize a constitutionally protected right to intrastate travel, see Lewis v. Walz, 491 F. Supp. 3d 464, 470 (D. Minn. 2020) ("The right to intrastate travel, however, has not been defined or recognized by the Supreme Court, and the Eighth Circuit Court of Appeals has declined to recognize such a right." (citing Doe v. Miller, 405 F.3d 700, 713

[4] As private actors, Sannes, the Garrys, and Hurst are not amenable to suit under § 1983 unless they have participated in joint action with the state. Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997). To hold Sannes, the Garrys, and Hurst liable under § 1983, Meyer must have "allege[d], at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Id. (citation omitted). Meyer makes some bare assertions that various combinations of Defendants worked together to violate her rights. See Doc. 1 at 1 ("All have conspired to take away my income. . . deprive me of my right to freely travel . . . ."). These assertions do not adequately allege a meeting of the minds between Sannes, the Garrys, or Hurst and a state actor. Even if there had been a meeting of the minds, Meyer fails to allege a violation of a cognizable liberty interest.

(8th Cir. 2005))). Meyer's claims for violations of her right to "make a living to exist, feed [her]self and pay bills, and be reimbursed for [her] expenses[,]" Doc. 1 at 8, likewise fail to reflect a cognizable liberty interest. See Robbins v. Becker, 794 F.3d 988, 994 (8th Cir. 2015) (reiterating that "the Fourteenth Amendment protects the liberty to pursue a particular calling or occupation, not the right to a specific job" (cleaned up and citation omitted)).[5]

Meyer's other miscellaneous allegations fail to state any claim plausible on its face. See Ashcroft, 556 U.S. at 678; Tatone v. SunTrust Mortg., Inc., 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."). To the extent that Meyer's complaint alleges some form of conspiracy to commit vandalism or theft, such allegations are akin to violations of state criminal law and, at most, state tort claims are not cognizable in federal court absent complete diversity of citizenship, which is lacking here. Even if there is some surviving cognizable state-law claim, this Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because all claims over which a federal court might have original jurisdiction are subject to dismissal for failure to state a claim, this Court declines to exercise supplemental jurisdiction under 28 U.S.C.§ 1367(c)(3). Meyer's entire complaint is therefore dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6).[6]

---

[5] To the extent Meyer alleges civil conspiracy under § 1983, see, e.g., Doc. 1 at 12, such claims do not independently support a federal claim in the absence of a cognizable constitutional claim. Wolk v. City of Brooklyn Ctr., 107 F.4th 854, 860 (8th Cir. 2024) ("There can be no civil conspiracy without an underlying constitutional violation." (citation omitted)).

[6] Meyer also lacks standing to maintain claims on behalf of the property owner Lyons. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Murthy v. Missouri, 603 U.S. 43, 56 (2024); see also Clapper v. Amnesty Int'l USA, 568 U.S. 398,

## III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Plaintiff's Motion for Hearing, Doc. 3, Motion to Reinstate Case, Doc. 18, and Motion for Hearing, Doc. 20, are denied. It is further

ORDERED that Defendants Angela Garry, G. Todd Garry and Thomas L. Sannes's Motion to Dismiss for Failure to State a Claim, Doc. 7, and Motion to Dismiss for Insufficient Service of Process, Doc. 10, are granted. It is further

ORDERED that Defendants Judge Marshall Lovrien, Brandon G. Miller, and South Dakota Highway Patrol's Motion to Dismiss for Failure to State a Claim, Doc. 13, is granted. It is finally

ORDERED that Plaintiff's complaint is hereby dismissed without prejudice.

DATED this 10th day of November, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

---

408 (2013). Broadly speaking, the standing inquiry concerns whether the plaintiff is the appropriate party to bring a particular suit. Raines v. Byrd, 521 U.S. 811, 818 (1997) (citation omitted); Flast v. Cohen, 392 U.S. 83, 99–100 (1968). "Ordinarily, one may not claim standing . . . to vindicate the constitutional rights of some third party." Advocs. for Hum. Rts. v. U.S. Dep't of Homeland Sec., 820 F. Supp. 3d 789, 802 (D. Minn. 2026) (quoting Barrows v. Jackson, 346 U.S. 249, 255 (1953)). A plaintiff bears the burden of establishing standing as of the time the lawsuit was brought and throughout the pendency of the case. See Carney v. Adams, 592 U.S. 53, 59 (2020). Meyer argues that she has standing based on her interest in cleaning, listing, and selling the building. Doc. 15 at 5. Meyer may have standing for claims of conspiracy to deprive her of getting paid for her work or to stop her for traffic violations, but lacks standing to pursue causes of action strictly for damage to Lyons's property.